UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| DAVID F. DRIVER, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 3:18-cv-00220 |
| LJ ROSS ASSOCIATES, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes DAVID F. DRIVER ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of LJ ROSS ASSOCIATES, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Indiana and a substantial portion the events or omissions giving rise to the claims occurred within the Southern District of Indiana.

### PARTIES

4. Plaintiff is a 43 year old consumer residing in Evansville, Indiana, which is located within the Southern District of Indiana.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant specializes in accounts receivable management, focusing on medical, utility, government, education, and financial debts.[1] Defendant is a corporation organized under the laws of the state of Michigan with its principal place of business located at 4 Universal Way, Jackson, Michigan. Defendant is in the business of collecting debts from consumers across the country, including in Indiana.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSE OF ACTION

9. The instant action arises out of Defendant's attempts to collect upon an outstanding consumer debt ("subject debt") said to be owed by Plaintiff.

10. The subject debt arose out of Plaintiff's purported past due utility payments.

11. Upon information and belief, Defendant acquired collection rights to the subject debt sometime after Plaintiff defaulted on his obligation to the original creditor.

12. On or around November 9, 2018, Plaintiff received a collection letter from Defendant attempting to collect upon the subject debt.

---

[1] http://www.ljross.com/services

13. Defendant's collection letter lists a current balance in bold, of $131.47, which is comprised of the "Original Balance" totaling $131.47, "Total Interest Added" totaling $0.00, "Total Non-Int Charges/Adjstments (sic)" totaling $0.00, and "Total Paid" as $0.00.

14. Confused and misled by the nature of the Defendant's collection letter, specifically the inclusion of "interest" and other "charges," Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

15. Plaintiff has suffered anxiety and mental anguish as he has been led to believe that additional fees would be added.

### COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

16. Plaintiff repeats and realleges paragraphs 1 through 15 as though fully set forth herein.

17. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

18. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

19. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant has been a member of ACA International, an association of credit and collection professionals, since 1988.[2]

20. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

**a. Violations of 15 U.S.C. §1692e**

---

[2] http://www.acainternational.org/search#memberdirectory

21. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

22. In addition, this section enumerates specific violations, such as:

> "The false representation of the character, amount, or legal status of any debt…" 15 U.S.C. §1692e(2)(A).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

23. Defendant violated §1692e, e(2)(A) and e(10) in the portion of its collection letter which outlined "interest" and "charges" in reference to the amount owed on the subject debt. Even though the value of these additional charges reflected in Defendant's letter were "0.00," the inclusion of these references falsely implies the extent to which Defendant may properly add interest and charges to the subject debt. By including these references, absent any sort of additional information, Defendant intended to instill a deceptive and false sense of urgency in Plaintiff. To an unsophisticated consumer, these references would result in thinking there is a heightened urgency to address the subject debt given the potential for interest and other charges to accrue, even where no such interest and other charges could be properly added. The potential imposition of such fees would naturally be a factor in Plaintiff's decision-making process in determining whether and when to address any purported obligation; and, the inclusion of these references would leave unsophisticated consumers guessing about the economic consequences of failing to pay immediately.

### b. Violations of 15 U.S.C. §1692f

24. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

25. Defendant violated 15 U.S.C. §1692f through its references to "interest" and "charges" within its letter. In addition to unfairly instilling a false sense of urgency in Plaintiff to address the subject debt, the inclusion of these references suggests that interest and other charges would be properly collectible. However, such additional charges were not authorized by the agreement creating the subject debt.

26. The carefully crafted language is the sort of misleading tactic the FDCPA prohibits. The only reason to use such carefully ambiguous language is the expectation that at least some unsophisticated debtors will misunderstand and will choose to pay because they fear the consequences of not doing so.

27. As pled in paragraphs 14 through 15, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, DAVID F. DRIVER, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: November 20, 2018                                  Respectfully submitted,

s/ Nathan C. Volheim                                      s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                          Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                     Counsel for Plaintiff

Admitted in the Southern District of Indiana
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com

Admitted in the Southern District of Indiana
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 581-5858 (phone)
(630) 575-8188 (fax)
thatz@sulaimanlaw.com

s/ Eric D. Coleman
Eric D. Coleman, Esq. # 6326734
Counsel for Plaintiff
Admitted in the Southern District of Indiana
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois
(331) 307-7648 (phone)
(630) 575-8188 (fax)
ecoleman@sulaimanlaw.com