UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| DAVID F. DRIVER ) | |
| ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | Civil Action No. 3:18-cv-00220 |
| v. ) | |
| ) | Hon. Richard L. Young |
| LJ ROSS ASSOCIATES, INC., ) | |
| ) | Magistrate Judge Mathew P. Brookman |
| DEFENDANT ) | |

**DEFENDANT'S RESPONSE BRIEF TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY**

**I.   INTRODUCTION**

The district court's opinion in *Duarte v. Client Servs.*, Case No. 3:18-cv-00220-MPB-RLY, (N.D. Ill. Mar. 29, 2019), fails to undermine the conclusion that Plaintiff's Complaint must be dismissed for failure to state a claim upon which relief can be granted.  Indeed, the *Duarte* decision is entirely distinguishable, in that it does not address the precise issue in this case– whether itemization of "$0.00" for column headings of "Total Interest Added" and "Total Non-Int Chrges/Adjstmts" in a dunning letter violates the FDCPA.  Moreover, the *Duarte* decision was rendered without any analysis or consideration of the several district courts that have already dismissed FDCPA claims concerning dunning letters with $0.00 itemization headers less precise than those at issue in this case.  Accordingly, *Duarte* has no bearing on this case and Plaintiff's Complaint must be dismissed.

**II.   ARGUMENT**

Driver's reliance on *Duarte* is misplaced.  In *Duarte*, the plaintiff debtor claimed that the dunning letter's statement that she owed "$0.00" in "Other Charges" was misleading because it

1

implied that she could have incurred additional charges, when the debt collector did not intend to assess other charges or collection costs.[1]  *See Duarte*, No. 3:18-cv-00220-MPB-RLY, at *2. Without any analysis or consideration of the case law cited by LJRA in this case, the *Duarte* court conclusorily held that "[a]n unsophisticated consumer, like plaintiff, could reasonably have believed that she would incur other charges if she did not pay the debt. *Id.* at *7.  The *Duarte* court, like Driver in this case, relied solely on *Wood v. Allied Interstate, LLC*, Case No. 17 C 4921, 2018 WL 2967061, at *2 (N.D. Ill. June 13, 2018).  *See id.* at *7-*8.

However, for the same reasons that *Wood* is distinguishable from this case, *Duarte* is also entirely distinguishable.  LJRA's letter does not include any headers or itemizations for "Collection Costs," "Fees," or "Other Charges."  *See* Exhibit 1 to LJRA's Br. in Supp. of Mtn. to Dismiss, (Doc. # 23-1, PageID.96).  Instead, LJRA itemized "$0.00" for "*Total* Non-Int Chrges/Adjstmts." *Id.* (emphasis added).  That header neither says nor implies anything about the possibility of future charges or adjustments because it is a statement regarding a present *total*. Instead, if the header implies anything, it implies that no charges or adjustments could be added in the future because "$0.00" of charges and adjustments already constituted the "Total" added to Driver's debt.

Moreover, the *Duarte* court failed to account for the several district court decisions– including the Northern District of Illinois on two occasions–that have already dismissed FDCPA claims concerning dunning letters with $0.00 itemization headers less precise than those at issue in this case, holding that no reasonable consumer, no matter how unsophisticated, could be confused, misled, or deceived by that language. *See Colletta v. Allied Interstate, LLC*, No. 18 C 4014, slip op. at 4-6 (N.D. Ill. Dec. 10, 2018) (Doc # 24-1, PageID.113-116) (dismissing, under

---

[1] Tellingly, the *Duarte* plaintiff–unlike Driver in this case–did not even attempt to argue that the letter's statement that she owed "$0.00" in "Interest" was misleading.  *See generally, id.*

Rule 12(b)(6), plaintiff's FDCPA claim that table listing "$0.00" in "Interest," "Fees," and "Collection Costs" was misleading); *Delgado v. Client Servs., Inc.*, No. 17 C 4364, 2018 WL 1193741, at *2-*4 (N.D. Ill. Mar. 7, 2018) (holding allegation that collection letter's itemization of "$0.00" for "Interest" and "Other Charges" "implied that interest and other charges would accumulate in the future," and "falsely represented that interest and other charges could be applied" did not state claim for violation of the FDCPA); *Jones v. Professional Fin. Company, Inc.*, No. 17-61435-CIV-DIMITROULEAS, 2017 WL 6033547, at * 2-3 (S.D. Fla. Dec. 4, 2017) (dismissing, under Rule 12(b)(6), plaintiff's Section 1692e and f claims that collection letter's itemization of a $0 fee was false, misleading, and deceptive and noting that the $0 itemization "specifically shows there are no fees associated with the debt; that is the ordinary meaning of 0.00–none, zilch, nada.") (citation omitted); *Dick v. Enhanced Recovery Company, LLC*, No. 15-CV-2631 (RRM) (SMG), 2016 WL 5678556, at *7 (E.D.N.Y. Sept. 28, 2016) (holding allegation that collection letter's itemization of $0.00 for non-interest charges and fees led debtor to believe that those charges and fees could increase in the future did not state claim for violation of the FDCPA because those "representations in the Letter are neither vague nor ambiguous[.]"). Like the Plaintiff in this case, the *Duarte* court fails to address these cases in any meaningful way, much less even attempt to distinguish them. *See Duarte*, No. 3:18-cv-00220-MPB-RLY, at *6-*8; *see also* Driver Response Br. (Doc. # 22).

At bottom, *Duarte* does not address the precise issue in this case–whether itemization of "$0.00" for column headings of "Total Interest Added" and "Total Non-Int Chrges/Adjstmts" in a dunning letter violates the FDCPA. Driver's Complaint fails to allege any plausible theory of recovery under the FDCPA and should be dismissed accordingly.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's complaint against Defendant LJ Ross Associates, Inc. should be dismissed, with prejudice.

                Respectfully submitted,

                VARNUM LLP
                Attorneys for Defendant

Dated: April 12, 2019        By:   /s/ *Herman D. Hofman*

                Herman D. Hofman (P81297)
                (Admitted Pro Hac Vice)
                P.O. Box 352
                Grand Rapids, MI 49501-0352
                Telephone: (616) 336-6000
                hdhofman@varnumlaw.com

### CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2019, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send the notification of such filing to counsel of record.

                By:   /s/ Herman D. Hofman

14776207_1.docx