UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| DAVID F. DRIVER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:18-cv-00220-MPB-RLY |
| | ) |
| LJ ROSS ASSOCIATES, INC., | ) |
| | ) |
| Defendant. | ) |

**Order on Defendant's Motion to Dismiss**

On November 9, 2018, Plaintiff, Mr. Driver, received a collection letter from Defendant, LJ Ross Associates, Inc. ("LJ Ross"), which detailed—in relevant part:

| Account # | Current Creditor | Date of Service | Original Balance | Total Interest Added | Total Non-Int Chrges/ Adjstmts | Total Paid | Current Balance |
|---|---|---|---|---|---|---|---|
| 18297196 | WE ENERGIES | 01/10/14 | $131.47 | $0.00 | $0.00 | $0.00 | $131.47 |
| | Total Paid: $.00 | | | | | Current Balance: | $131.47 |

If you have questions or concerns, please call 1-844-348-1739.

Sincerely,

L J Ross Associates, Inc.

This is an attempt to collect a debt, and any information obtained will be used for that purpose. This communication is from a debt collector.

(Docket No. 23-1).[1]

Driver alleges that the letter falsely implied the current amount of a utility debt, which LJ Ross was attempting to collect, could change. (Docket No. 1). Specifically, Driver claims that the inclusion of "interest" and other "charges" falsely implied that LJ Ross *might* add interest

---

[1] While the letter was not included with Driver's complaint, the Court may consider it with LJ Ross's motion to dismiss because it is referred to extensively in the complaint, it is central to Driver's claim, and Driver does not dispute its authenticity. *See Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993) (permitting district courts to examine "[d]ocuments that a defendant attaches to a motion to dismiss . . . if they are referred to in the plaintiff's complaint and are central to [plaintiff's] claim.").

1

and charges to the debt that were properly collectible. (*Id.*). Yet, the agreement creating the subject debt did not authorize such additional charges. (*Id.* at ECF p. 5). Driver claims he was confused and misled by the nature of the Defendant's collection letter and has suffered anxiety and mental anguish as a result. (*Id.*).

Plaintiff brings this lawsuit asserting, in a single claim, that the letter violated the Fair Debt Collection Practices Act ("FDCPA"), specifically violating 15 U.S.C. §1692e and 15 U.S.C. §1692f through its references to "interest" and "charges." (Docket No. 1 at ECF pp. 4–5). LJ Ross now moves to dismiss the complaint for failure to state a claim. For the reasons below, the court **DENIES** LJ Ross's motion.

### I.    Legal Standard

On a Rule 12(b)(6) motion, the court must accept the operative complaint's well-pleaded factual allegations, with all reasonable inferences drawn in Driver's favor, but not its legal conclusions. *See Smoke Shop, LLC v. United States*, 761 F.3d 779, 785 (7th Cir. 2014). The court must also consider "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice," along with the additional facts set forth in Driver's brief opposing dismissal, "so long as those facts are consistent with the pleadings." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1020 (7th Cir. 2013) (internal quotation marks omitted). The facts are set forth as favorably to Driver as those materials allow. *See Pierce v. Zoetis, Inc.*, 818 F.3d 274, 277 (7th Cir. 2016). In setting forth those facts at the pleading stage, the court does not vouch for their accuracy. *See Jay E. Hayden Found. v. First Neighbor Bank, N.A.*, 610 F.3d 382, 384 (7th Cir. 2010).

## II. Analysis

Driver alleges that LJ Ross violated the FDCPA by falsely implying that additional fees could be added to Plaintiff's account ("subject debt") by including column headers that included "Total Interest Added" and "Total Non-Int Charges/Adjstmnts" in conjunction with itemizations that such additional interest and charges totaled $0.00, respectively. (Docket No. 1; Docket No. 22 at ECF p. 5). Driver argues that LJ Ross should not have included these columns and should not have associated them with the itemized dollar amounts because it gave the impression that interest and other charges *could* accrue on the subject debt, when Defendant had no intention of applying said fees in the first place. (Docket No. 22 at ECF p. 5).

Section 1692e prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e; *see Ruth v. Triumph P'ships*, 577 F.3d 790, 799–800 (7th Cir. 2009). This provision, essentially a "rule against trickery," *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 473 (7th Cir. 2007), sets forth "a nonexclusive list of prohibited practices" in sixteen subsections, *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1019 (7th Cir. 2014). Although "a plaintiff need not allege a violation of a specific subsection in order to succeed in a § 1692e case," *Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012), Driver invokes subsections (2) and (10), which proscribe, respectively, "[t]he false representation of the character, amount, or legal status of any debt," 15 U.S.C. § 1692(e)(2)(A) and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *id.* § 1692(e)(10). Section 1692f, meanwhile, forbids the use of "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Because Driver's § 1692f claim rests on the same premise—that LJ Ross's letter was deceptive—as his § 1692e claim, the two

3

succeed or fail together. *See Wood v. Allied Interstate, LLC*, 2018 WL 6830333, at *2 (N.D. Ill. Dec. 28, 2018) ("*Wood II*").

The Court evaluates a FDCPA claim by using the objective "unsophisticated consumer" standard. *Gruber v. Creditors' Prot. Serv., Inc.*, 742 F.3d 271, 273 (7th Cir. 2014). This standard protects the consumer who is "uninformed, naïve, or trusting, yet admits an objective element of reasonableness." *Gammon v. GC Serv's Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). "The reasonableness element in turn shields complying debt collectors from liability for unrealistic or peculiar interpretations of collection letters." *Id.* While the unsophisticated consumer may be "uninformed, naïve, or trusting," he also "possesses rudimentary knowledge about the financial world" and does not interpret collection letters in a "bizarre or idiosyncratic fashion." *Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000).

Unlike some other circuits, *see, e.g., Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061 n. 3 (9th Cir. 2011), we treat the question of whether an unsophisticated consumer would find certain debt collection language misleading as a question of fact. *See Walker v. Nat'l Recovery, Inc.*, 200 F.3d 500, 503 (7th Cir. 1999).[2] *See also Zemeckis v. Global Credit & Collection Corp.*, 679 F.3d 632, 636 (7th Cir. 2012) (holding as a general rule, the potentially confusing or misleading "nature of a dunning letter [is treated] as a question of fact that, if well-pleaded, avoids dismissal on a Rule 12(b)(6) motion.") (internal citation omitted). "Nevertheless, a plaintiff fails to state a claim and dismissal is appropriate as a matter of law when it is apparent

---

[2] LJ Ross's arguments rely heavily on out-of-circuit trial court cases. (*See e.g.*, Docket No. 12 at ECF p. 11). Given that the circuits have differing viewpoints on when the determination as to whether an unsophisticated consumer would find debt collection language misleading is a question of fact, the out-of-circuit case law is of little value to this Court's analysis.

from a reading of the letter that not even a significant fraction of the population would be misled by it." *Id.* (internal quotation marks omitted).

LJ Ross contends that Driver could not have been confused about whether interest or charges *might* be added to his debt because the letter expressly stated that the amount of interest and charges was zero, and nothing else in the letter possibly implied further interest or charges would later be added. (Docket No. 12 at ECF p. 9). Yet, the Seventh Circuit has made clear that a "dunning letter is false and misleading if it impl[ies] that certain outcomes *might* befall a delinquent debtor when, legally, those outcomes cannot come to pass." *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 367 (7th Cir. 2018) (emphasis added) (holding that a letter falsely implying that late and other charges could be charged to a debtor violated § 1692e) (internal quotation marks omitted).

As *Wood v. Allied Interstate, LLC*, 2018 WL 2967061, at *2 (N.D. Ill. June 13, 2018) ("*Wood I*") explained:

> [B]y stating that fees and collection costs stood at "$0.00," instead of stating something like "N/A" or declining to mention fees and collection costs at all, the letter reasonably could be read to imply that such charges would begin to accrue if Wood did not pay the debt. Why, after all, would Allied include a column for fees and collection charges, and insert a dollar figure ($0.00), if not to suggest that such fees and costs might possibly accrue in the future?

Driver plausibly alleges that LJ Ross was not permitted to charge him interest and other charges. (Docket No. 1 at ECF p. 5). By stating that total interest added and charges/adjustments were $0.00, it is reasonable for the letter to be read to imply that these charges could begin to accrue if Driver did not pay the debt. *See Wood I*, 2018 WL 2967061, at *2.[3] On these facts, and

---

[3] *Wood* is further instructive in that, while the court denied the defendant's motion to dismiss as to fees and collection charges, it held that the complaint did not state a claim to the extent it alleged that the letter implied that interest might accrue on the plaintiff's debt. *Wood I*, 2018 WL

at the pleading stage, LJ Ross cannot show that "not even a significant fraction of the population would be misled by" the letter. *Zemeckis*, 679 F.3d at 636. *See also McMillan v. Collection Prof'ls., Inc.*, 455 F.3d 754, 759 (7th Cir. 2006) ("We have cautioned that a district court must tread carefully before holding that a letter is not confusing as a matter of law when ruling on a Rule 12(b)(6) motion because district judges are not good proxies for the 'unsophisticated consumer' whose interest the statute protects.") (internal citations omitted).

LJ Ross urges this court to follow *Delgado v. Client Services, Inc.*, 2018 WL 1193741, at *3–4 (N.D. Ill. Mar. 7, 2018), *appeal dismissed*, No. 18-1748, 2018 WL 4896763 (7th Cir. July 26, 2018) and find that its letter was plainly not misleading or deceptive. (Docket No. 12 at ECF p. 9). In *Delgado*, the court ruled that the plaintiff failed to state a claim under § 1692e when the plaintiff received an itemized collection letter stating: "Balance Due At Charge-Off: 2,619.26, Interest: 0.00, Other Charges: 0.00, Payments Made: 20.00, [and] Current Balance: 2,599.26." *Id.* at *1. The court found that this itemization was not misleading: "[t]o find otherwise places debt collectors between a rock and a hard place, where they cannot simply list the amount owed, for fear of being misleading, but likewise, cannot breakdown the amount into categories either, for fear of being misleading." *Id.* at *3. However, in coming to this ruling, the *Delgado* court relied on *Fields v. Wilber Law Firm*, 383 F.3d 562, 566 (7th Cir. 2004). Specifically, *Delgado* cited *Fields* for the Seventh Circuit's statement that the itemization of "the various charges that

---

2967061, at *3. The court noted "that 'Interest Added' to the 'Amount Owed' was $0.00 *and* that the interest rate on his debt was '0.000%.' No reasonable consumer would believe that an interest rate of 0% could result in interest accruing on the debt." *Id.* (emphasis in original). LJ Ross argues that *Wood* supports its position because the Court dismissed the interest argument. (Docket No. 24 at ECF p. 11). It is clear that the district court only dismissed because both the "amount owed" and the interest rate of "0.000%" were shown; whereas, here only the amount owed is shown. (Docket No. 23-1). LJ's Ross's argument is unpersuasive.

6

comprise the total amount of [a] debt" would be a "simple way to comply with § 1692e and § 1692f." *Delgado*, 2018 WL 1193741, at *3 (quoting *Fields*, 383 F.3d at 566).[4]

The problem is that *Fields* is distinguishable from both this case and from other cases within the Seventh Circuit subsequent to *Delgado*. In *Fields*, the plaintiff had failed to pay a veterinarian's bill. At the time of service, the plaintiff signed a contract permitting attorney's fees and interest accumulation in the event of debt collection. The plaintiff eventually received an un-itemized debt collection letter for an "account balance" more than three times the amount of the original debt. The Seventh Circuit found the letter potentially misleading and reversed the district court's dismissal. *Fields*, 383 F.3d at 566. Unlike in *Fields*, Driver's debt had not accumulated interest or other fees, and there was no possibility that it would accumulate interest or fees in the future. This makes this case akin to *Lemke v. Escallate, LLC*, 374 F. Supp. 3d 727 (N.D. Ill. Mar. 19, 2019) and *Wood I*, 2018 WL 2967061, both decided after, and explicitly departing from, *Delgado*.[5]

---

[4] *Delgado* is further distinguishable as the letter indicated the plaintiff had already begun repaying his debt without interest and other charges accruing. *Delgado*, 2018 WL 1193741, at *4 ("Most convincingly, the Letter indicates that Delgado had already begun repaying his debt at the time he received the Letter ("Payments Made: 20.00,"[)], and still the interest and other charges remained at zero. If Delgado believed that the Letter was threatening to assess interest and collection fees, it would not make sense that the amounts remained at zero after collection had already begun.")

[5] Driver filed a *First Motion for Leave to File Supplemental Authority*, to alert the Court to a post-briefing decision, *Duarte v. Client Servs.*, 2019 WL 1425734 (N.D. Ill. March 29, 2019). (Docket No. 25). In *Duarte*, the court held that plaintiff had adequately alleged a violation of § 1692e where the phrase "Other Charges" along with an amount of "$0.00" listed "could have implied to the plaintiff, as well as the unsophisticated consumer, that plaintiff could have incurred additional charges." *Id.* at *3. LJ Ross does not object to Driver's request to file the authority—therefore, that request is **GRANTED**—but, does object to its applicability because *Duarte* addresses "Other Charges" whereas Driver's letter involves "Total Non-Int Chrges/Adjstmts." (Docket No. 26 at ECF p. 2). LJ Ross argues the labels neither say nor imply anything about the possibility of future charges or adjustments because it is a statement regarding a present *total*. (*Id.*). This argument is unpersuasive as Driver has not alleged that the dunning

7

*Wood I* further illustrated *Fields's* distinction:

> [In *Fields*] [t]he Seventh Circuit held that the letter violated the FDCPA because debt collectors must make clear how the total amount due was determined if the demand for payment includes add-on expenses like attorneys' fees or collection costs. After all, the Seventh Circuit reasoned, a consumer might find it difficult to understand how a relatively modest fee for serves rendered . . . had tripled in size. That concern is not present here. Unlike the situation in *Fields*, the sum [Defendant] was permitted to collect from [Plaintiff] did not include fees and collection costs. *Fields* therefore did not require [Defendant] to tell [Plaintiff] how much in fees and collection costs [Plaintiff] owed—and the FDCPA prohibited [Defendant] from falsely implying that fees and collection costs might accrue if the debt was not quickly paid.

*Wood I*, 2018 WL 2967061, at *3.

LJ Ross argues that the "rock and hard place" argument raised in *Delgado* and *Fields* applies here. (Docket No. 12 at ECF p. 12). But, the analysis is not applicable. Both Driver's complaint and Defendant's motion illustrate that the subject debt was static. Thus, Defendant only intended to collect the principal amount and there was no need to itemize interest and other charges as they were currently $0.00 with no chance of increasing in the future. If the debt was dynamic or subject to further interest or other charges, then LJ Ross's argument regarding the safe harbor language provided by the Seventh Circuit would carry the day. Given these facts and at the pleading stage, it does not.

By stating that the interest and charges stood at $0.00, the letter reasonably could be read to imply that such charges could begin to accrue in the future, if Driver did not pay the debt. In other words, the use of the dollar amount, carries with it a representation, albeit subtle, that such dollar amount could increase—especially, as LJ Ross recognizes (Docket No. 12 at ECF p. 14),

---

letter was false, misleading, or confusing because of what he *presently* owed but because of what it could be read to imply that he *may* owe in the future.

8

given consumers' understanding that certain debts can accrue interest. "When language in a debt collection letter can reasonably be interpreted to imply that the debt collector will take action it has no intention or ability to undertake, the debt collector that fails to clarify this ambiguity does so at its peril." *Lox*, 689 F.3d at 825 (quoting *Gonzales v. Arrow Fin. Serv., LLC*, 660 F.3d 1055, 1063 (9th Cir. 2011)).

LJ Ross raises a few other arguments as to why specific parts of Driver's claim fails. First, LJ Ross asserts that "[t]o state a claim under subsection 1692e(2), Driver must allege that the amount sought by the collector is incorrect." (Docket No. 12 at ECF p. 10). However, pursuant to § 1692e(2)(A), a debt collector is prohibited from making "[t]he false representation of . . . the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A). Section 1692e(2) plainly encompasses allegations beyond those suggesting that an amount is inaccurate. So too are false representations as to the character and legal status of the subject debt. "[W]hen the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." *Shlahtichman v. 1-800 Contacts, Inc.*, 615 F.3d 794, 798 (7th Cir. 2010). This argument is untenable.

Second, LJ Ross argues, although Driver does not bring a claim under § 1692e(5) for any alleged "threat" by LJRA, he does allege that the letter "instill[ed] a deceptive and false sense of urgency [ ] to pay the debt or risk those items increasing[.] (Docket No. 12 at ECF p. 15, citing Docket No. 1 at ECF p. 5). LJ Ross argues that Driver does not adequately explain how the fact that interest *might* accrue could be false or misleading. (Docket No. 12 at ECF p. 15–16, citing *Taylor v. Calvary Inv., LLC*, 365 F.3d 572, 575 (7th Cir. 2004) (finding collection letter stating that debt may accrue interest was not false because "[t]he letter didn't say [the creditors] would [add interest], only that they might.")). *Taylor* is easily distinguishable as the Seventh Circuit

9

noted the basis for the "might" language was that the debtor *was* accruing interest for which he *might* be later billed. *Taylor*, 365 F.3d at 574. Here, no interest or other charges could accrue pursuant to the agreement.

Third, LJ Ross argues that Driver cannot state a claim under § 1692f(1), which prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law," because he alleges the letter could be read to imply interest or charges he might be assessed in the future. (Docket No. 12 at ECF p. 17). On response, Driver points out that he brings a claim under § 1692f, not § 1692f(1), and thus, LJ Ross's argument fails. (Docket No. 22 at ECF p. 12). On reply, LJ Ross argues Driver's complaint is not clear and it appears he brings a claim under both §§ 1692f and 1692f(1). (Docket No. 24 at ECF p. 7). To be clear, Driver's motion only explicitly lists § 1692f. (Docket No. 1 at ECF pp. 4–5). However, either way, Driver's § 1692f claim was addressed along with this Court's analysis of Driver's § 1692e claim, above.

Finally, for the first time in his reply brief, LJ Ross argues that Driver's § 1692f claim must fail because it is redundant of his claim under § 1692e. (Docket No. 24 at ECF p. 8, citing *Taylor v. Heath W. Williams, LLC*, 510 F. Supp. 2d 1206, 1217 (N.D. Ga. 2007) (quoting *Foti v. NCO Fin. Sys., Inc.*, 424 F. Supp. 2d 643, 668 (S.D.N.Y 2006)) ("A complaint will be deemed deficient under [Section 1692f] . . . if it 'does not identify any misconduct beyond that which Plaintiffs assert violate other provisions of the FDCPA.'"). LJ Ross argues that this is because "Congress enacted Section 1692f to catch conduct not otherwise covered by the FDCPA." (*Id.*, citing *Baker v. Allstate Fin. Servs.*, 554 F. Supp. 2d 945, 953 (D. Minn. 2008)). While LJ Ross noted the overlap of the two subsections in its opening brief, it did not argue that § 1692f claim

failed due to this redundancy until its reply. Arguments raised for the first time in reply briefs are waived.[6] *Hess v. Reg-Ellen Mach. Tool Corp.*, 423 F.3d 653, 665 (7th Cir. 2005) ("Interesting [as the argument] may be, we do not reach this contention, because its appearance for the first time in the [reply brief] means that it is waived.").

LJ Ross points out (Docket No. 24 at ECF p. 12) that in *Wood II* the court ultimately granted summary judgment to the defendant debt collector on the plaintiff's claims regarding itemizations for "Collection Costs" and "Fees," finding that the plaintiff failed to produce any evidence showing "that unsophisticated consumers do in fact find the challenged statements misleading or deceptive." *Wood II*, 2018 WL 6830333, at *4 (N.D. Ill. Dec. 28, 2018). LJ Ross argues that, in so holding, the *Wood II* court actually relied on the cases cited by LJRA in its initial brief as providing "further support for the court's conclusion[.]" *Id.* at *3. However, LJ Ross fails to mention that the court "respectfully disagree[d] with those decisions insofar as they hold that the innocent reading is the *only* available reading." *Id.* This "innocent reading" is the very reading that LJ Ross asks this Court to apply.

*Wood II* and *Lemke* are instructive as this case moves forward. Those cases applied the *Ruth* analysis. In *Ruth* the Seventh Circuit explained that statements alleged to be false or misleading under § 1692e fall into three categories. *See* 577 F.3d at 800. The first category consists of statements that are "plainly, on their face, . . . not misleading or deceptive. In these cases, [the court] do[es] not look to extrinsic evidence to determine whether consumers were confused. Instead, [the court] grant[s] dismissal or summary judgment in favor of the defendant

---

[6] Further, LJ Ross relies solely on out-of-circuit authority for this argument, which is directly contradicted by in-circuit authority, albeit only persuasive, authority. *See e.g.*, *Wood I*, 2018 WL 2967061 (N.D. Ill. June 13, 2018) ("Because [Plaintiff's] § 1692f claim rests on the same premise—that [Defendant's] letter was deceptive—as his § 1692e claim, the two claims rise or fall together.").

11

based on [its] own determination that the statement complied with the law." *Id.* The second category consists of statements that "are not plainly misleading or deceptive but might possibly mislead or deceive the unsophisticated consumer. In these cases, . . . plaintiffs may prevail only by producing extrinsic evidence, such as consumer surveys to prove that unsophisticated consumers do in fact find the challenged statements misleading or deceptive." *Id.* The third category consists of statements that are "so clearly confusing on [their] face[s] that a court may award summary judgment to the plaintiff on that basis." *Id.* at 801.

Both *Lemke* and *Wood II* held that collection letters similar to Driver's letter fell within the second category. *Lemke*, 374 F. Supp. 3d at 732 (holding the letter fell squarely in the second *Ruth* category), *Wood II*, 2018 WL 6830333, at *3 (holding because the statement is susceptible to more than one interpretation, one misleading and one not, the letter is possibly misleading, thus, falling into the second *Ruth* category). When collection letters "might possibly mislead or deceive the unsophisticated consumer . . . plaintiffs may prevail only by producing extrinsic evidence, such as consumer surveys, to prove that unsophisticated consumers do in fact find the challenged statements misleading or deceptive." *Ruth*, 577 F.3d at 800. In both *Lemke* and *Wood II* the plaintiffs failed to provide extrinsic evidence. *Lemke*, 374 F. Supp. 3d at 732; *Wood II*, 2018 WL 6830333 at *4. The Court makes no finding as to what *Ruth* category applies here, other than to say the innocent reading is not the *only* reading available, thus precluding dismissal on the pleadings. Parties, however, should note the evidentiary burdens as the litigation continues.

### III. Conclusion

For the foregoing reasons, LJ Ross's *Motion to Dismiss* ([Docket No. 11](#)) is **DENIED**. Driver's *First Motion for Leave to File Supplemental Authority* ([Docket No. 25](#)) is **GRANTED**. The discovery stay in this matter ([Docket No. 20](#)) is hereby lifted. The parties are **ORDERED** to file an amended, proposed Joint Case Management Plan on or before **Thursday, September 19, 2019**.

**SO ORDERED.**

Dated: 8/28/2019

Matthew P. Brookman
United States Magistrate Judge
Southern District of Indiana

Service made electronically to all ECF-registered counsel of record.